## COLUMBUS COMPANY v. DAYTON COMPANY.

Where a mining company sues for damages for trespasses committed on their claims during March, April and May, a person who owned an interest in the claims during January, February and March, but had sold out to the company on the first of April, is not a competent witness for the plaintiffs—even though, when offered, the witness executes an assignment to plaintiffs of his interest in the damages.

Plaintiffs own mining claims called the "Columbus Claims." Defendants own claims called the "Dayton Claims," on the west of plaintiffs' claims. The boundary line between the claims is the point of dispute. Plaintiffs aver that defendants are working ground over the line and on plaintiffs' claims, and bring trespass. Defendants deny—the pleadings being verified—that they are working on plaintiffs' ground, and claim to own it; they also set up that they are owners of certain claims, known as the "Eureka Claims," lying on the east of the Dayton claims. Defendants, on the trial, offered to show that at the time of the alleged trespasses the "Eureka Company" owned the ground said to have been trespassed on, and that defendants had purchased it from the "Eureka Company" before this suit: *Held*, that defendants were entitled to prove their title from the "Eureka Company"—plaintiffs objecting for irrelevancy, and that the title had not been pleaded.

Appeal from the Eleventh District.

Suit for damages for trespasses upon mining claims, and for in-

junction. Plaintiffs, the Columbus Company, owned certain mining claims, known as the Columbus claims. Defendants, the Dayton Company, owned claims adjoining on the west. The complaint, verified, avers that on the first of March, 1860, while plaintiffs were owners of their claims, defendants entered on a portion thereof —that is, crossed over the true boundary line between the claims, and took out large quantities of gold, etc., and that plaintiffs did not discover this fact until May 2d, 1860, when they brought suit. Defendants, among other things, deny that they are working on plaintiffs' ground—in short, claim that the boundary line is further east than is averred in the complaint; and claim to be the owners of all the ground worked by them, and that it is part of the Dayton claims. They also aver that they are, and were at the commencement of this suit, the owners of a tract of mining ground lying on the east of the Dayton claims, and known as the " Eureka Claims," etc.

On the trial, plaintiffs, to prove the boundary line as stated in the complaint, called as a witness one Travena, who, on his *voir dire*, stated that he had no interest in this action, or in the mining ground in dispute, or in the Columbus claims; that he did own an interest in these claims in January, February and March, 1860, but sold it to one of the plaintiffs on the first of April, 1860; that at the time he sold, he was ignorant of any trespasses by defendants; that he did not claim and not expect to receive any of the damages which might be recovered in this suit. Defendants then objected to the witness on the ground of interest. Travena then executed and delivered to plaintiffs the following instrument, to wit:

" Know all men by these presents, that I, Nicholas Travena, for and in consideration of the sum of one dollar to me in hand paid by the parties hereinafter named, do hereby bargain, sell and release to the Columbus Company, the present plaintiffs in the action now pending in the District Court in which the Columbus Company are plaintiffs and the Dayton Company are defendants, all of my portion of any damages which may have been sustained by the Columbus Company from the acts of the Dayton Company while I was a member of the Columbus Co.; and I hereby covenant not to sue for, or in any way to claim, or demand any contribution from the

said plaintiffs in any damages which they may recover in said action, or any action against said defendants.

"A. TRAVENA."

The consideration mentioned in the instrument was paid witness by plaintiffs at the time of its delivery. Defendants still objected, on the ground of interest, and that the release so called was not under seal. Objection sustained, and the witness ruled out, plaintiffs excepting.

After plaintiffs had rested, defendants introduced evidence tending to show that they were the locators and owners of the Dayton claims, and that the boundary line between plaintiffs and defendants was as set up in the answer; and then offered to show that another company called the "Eureka Company" were, at the time of the alleged trespass, the owners of the ground alleged to have been trespassed upon, the title to which was in issue, and that they, defendants, had, before this suit, purchased from the "Eureka Company" their title to the same.

Objected to by plaintiffs, on the ground of irrelevancy, and that the proof was not competent under the pleadings. Overruled, and evidence admitted, plaintiffs excepting. Verdict for defendants; judgment accordingly; plaintiffs appeal.

*Tuttle & Hillyer*, for Appellants.

1. Travena was a competent witness. He was not interested in the damages plaintiffs might recover. He was a tenant in common with plaintiffs before he sold out. The action is a personal one for the damages which plaintiffs alone have sustained, and they cannot recover for the whole injury done to the property by defendants. Tenants in common may, perhaps, join in trespass for injury to the common property; but if they do not so join, the recovery is limited to the damages due those suing. If they do not all join, defendants should plead in abatement. (1 Chitty's Pl. 66; 2 Bibb, 385; 7 Pick. 198; 1 Johns. 471; 7 Wend. 449; 1 Id. 387; *Whitney* v. *Stark*, 8 Cal. 514.) *Packer* v. *Heaton* (9 Cal. 568) is not law.

2. The instrument of release rendered the witness competent; he was not an assignor.

40

3. The evidence to show that defendants owned the " Eureka Company " title was incompetent. Defendants' answer avers ownership in themselves for years, and they cannot contradict it.

*Thos. H. Williams,* for Respondents.

1. Travena was incompetent as a witness for two reasons : 1st, because of interest ; and 2d, because the judgment would be evidence for him in a future action. Tenants in common must join in trespass. But if for any reason there is a failure to join all, and those suing recover, they hold a share of the sum recovered in trust for the party not joined. The instrument offered as a release was a mere assignment. ( *Oliver* v. *Walsh,* 6 Cal. 456 ; *Kimball* v. *Gearhart,* 12 Id. 44 to 49 ; *Packer* v. *Heaton,* 9 Id. 568 ; Prac. Act, sec. 4, 392, 393 ; 4 Cal. 14, 406.)

2. Proof of title to the Eureka Company claims was admissible under the general issue. (1 Chitty's Pl. 500–502, and authorities cited ; *Marsh* v. *Berry,* 7 Cow. 347 ; *Van Buskirk* v. *Irving,* 7 Id. 35 ; *Foot* v. *Calvin,* 3 Johns. 215.) Title to the property was also specially pleaded. But it is unnecessary to urge this fact, as under the general issue we had a right to give in evidence all matters tending to deny plaintiffs' allegations of title and possession.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

Upon further examination, we are satisfied that the judgment in this case should be affirmed. The witness Travena was interested in the damages, and his release amounted to nothing more than an assignment of his interest. The fourth section of the Practice Act rendered him incompetent, and his testimony was properly rejected. The evidence in regard to the Eureka title was correctly admitted under the answer. Our former opinion was written under the impression that this title had not been pleaded. The other points made are without merit.

Judgment affirmed.

NOTE.—See *Grady* v. *Early, ante* 108, where the witness was held competent. In that case, however, plaintiff *waived damages*—though the opinion does not *seem* to go on that ground. So that the third syllabus in that case may or may not need modifying in this particular.